McFaRlaud, J.,
delivered the opinion of the court.
This bill was filed by the personal representatives of R. R. Cleveland, deceased, to settle a partnership that had existed between said Cleveland and the defendant Jones, and which was dissolved by the death of Cleveland on the — day of April, 1868. The bill was filed on the 6th of June, 1868, and charges that Jones was refusing to allow them to inspect the books and papers of the firm, or to account for the money on hand, and was speculating on the means of the firm, and that they believed he was about fraudulently to waste or dispose of the assets.
Under the prayer of the bill the entire assets of the firm were attached, and upon application for the appointment of a receiver, the Chancellor appointed *209 the defendent Jones, who gave bond in the sum of ten thousand dollars, and afterwards, in the progress of the cause, discharged the duties of a receiver in a manner satisfactory to the complainants, or at least they do not complain of this.
Upon the answer and proof in the cause the-charges of the bill — of fraud and other misconduct upon the part of the defendant, after the death of Cleveland, as the grounds for the interference of the-court and the appointment of a receiver — are not, in our opinion, established,, and we do not think any ground existed for the attachment and the appointment of a receiver at so early a period after the death of Cleveland.
Under an interlocutory decree pronounced by the Chancellor, an account was taken by the master and-report filed, showing the entire assets of the firm, the capital due to each, and the 'amounts due to each, party of the surplus. There seem to be no debts owing, and the accounts are not complicated. This report of course furnishes a satisfactory basis for a final decree. Only two exceptions were filed to this report, both by the' complainants: 1st. Because the sum of $1,000 is allowed to the defendant Jones for his services as receiver. 2d. Because the master only allows complainants $1,500 for capital of R. R. Cleveland, whereas it should be $2,000, in support of which, the exception refers to an admission of Jones, proven by -witness Hight.
The Chancellor overruled these exceptions and confirmed the report, and rendered a final decree, settling- *210 the rights of the parties upon the basis therein shown. From this decree the complainants have appealed, and the questions before us arise only upon these two exceptions.
It is conceded that, as a general rule, receivers are entitled to reasonable compensation for their services. On the other hand, it is equally well settled that one partner cannot be allowed compensation for extra service in behalf of the firm, either before or after its dissolution, without an express stipulation to that effect: Piper v. Smith, 1 Head, 93, and authorities there cited. In a case where the surviving partner has been compelled to attend to the settlement of a large and complicated business, the rule may sometimes operate hardly, but it is too well settled to be now departed from. Shall we regard the defendant as having discharged these duties as receiyer or as surviving partner? ' “Á. receiver is an indifferent person between the parties, appointed by the court to receive the property in question pending the suit, where it does not seem reasonable to the court that either party is competent to do so, as in the case of an infant”: Daniels’ Ch. Practice, 1406. He is an officer of court and subject to its orders. In this •cause, the property is returned to the defendant, upon his executing a bond and assuming to discharge the •duties of a receiver. The duties discharged by the defendant in the settlement of the business are no more than, as surviving partner, he. was bound to do without compensation; and this, in his answer, he claimed the right to do, and this right was allowed *211 him upon his executing bond; for, had the Chancellor strictly exercised the power of appointing a receiver, it would have resulted in the appointment- of some indifferent person. It is true, as receiver, tire defendant had to make his reports to the court, but he was allowed, without exception, his actual expenses for assistance in making his report; and these reports, • so far as his own labor was concerned, were probably no more than would have been required of him in order to exhibit to the 'complainants from time to time the state of the business, as it would have been his duty to do had no suit been pending, and no more than would have been required of him had this suit been prosecuted without a receiver. As the bond he gave only required him to discharge faithfully his duties and account for assets in his hands, and as we have seen he was already bound to this as surviving partner, the fact that he executed bond does not control the question. We think, as the defendant insisted upon his right as surviving partner to settle the business, he must be held to have done so under the same rule applicable in other cases, that is, without compensation. This exception should, therefore, have been sustained. We do not think the case of Sykes v. Hastings, 11 Ves. Jr., relied upon for the defendant, sustains his proposition.
As to the other exception, the report of the master shows that Cleveland advanced $2,000 of capital, but that $500 of this sum had been returned to him, leaving only $1,500 of his original capital due; whsreas, the exception claims that the whole $2,000 *212 is still due. It appears that the master bases his report; in part at least, as to the return of this $500 of capital, upon the testimony of the defendant Jones, which was excepted to.
The Act of the 24th February, 1870, is as follows : “ Sec. 1. That in all civil courts in this State no person shall be incompetent to testify because he or she is a party to or interested in the issue tried.. Sec. 2. In actions or proceedings by or against executors, or administrators, or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement of the testator, intestate, or ward, unless called to testify thereto by the opposite party, or required to testify thereto by the court.”
The deposition of Jones, which is excepted to, was taken after the passage of this act. Before the deposition was taken, at December Term, 1870, an order revising the former decree for account, which order contains the following: “ The master is authorized by the court to take the deposition of respondent Jones, on behalf of said Jones, to be used as evidence or not as the. court may direct on the hearing of the cause.” The deposition was taken, as we have seen, although excepted to by the complainants, but no further order or decree; was made by the court in reference thereto, no allusion being made to it in the final or other decree. The prohibition against the evidence of a witness in -the case specified by the section quoted, is conclusive, and would defeat any power *213 the court might have previously possessed to examine parties upon the taking of accounts, unless under the manner specified in the section — that is, unless called to testify by the opposite party, or required to testify by the court. The order referred to does not, in terms, require the defendant to testify, but allows the •deposition to be taken, subject to the decision of the court as to whether it shall be heard. The meaning of the section is, that in causes where the court, in view of the questions involved and the facts in proof, can see that the evidence of the party may enable the court to arrive at the truth, it may in its discretion require the party to testify. This contemplates that the court shall, of its own motion, decide that the case is one calling for this action, and shall therefore require the party to testify, and this without regard to the interests of the witness himself. Doubts have been experienced as the power of the Legislature to authorize the courts to exercise this discretion, upon the ground that it is in reality but suspending the general rules of evidence in particular cases, but this we do not decide.
At all events, this does not appear to us to be a case contemplated by the statute where the court, in the exercise of its discretion and in view of the facts, has required the party to become a witness, and therefore made his evidence competent, but simply a case where the party has offered and read his own evidence, over the objection of the other party; and it was error to consider it.
The result of any other construction would be, *214 that, although the witness is incompetent, yet the court could commit no error in admitting the evidence, for to admit it would he held equivalent to requiring the witness to testify under the power given the Court.
We therefore reject this evidence; and it remains to see if the item excepted to is sufficiently sustained by other evidence, for if so, we would not reverse a decree right in itself upon the legal evidence, because it is. further supported by illegal evidence. Excluding-this evidence of Jones, however, we think the weight of evidence is against the report upon this item.. There is proof that Jones paid or handed. Cleveland at one time $500 out of the firm money, but, excluding Jones’ own.evidence upon the point, the other-evidence makes it most probable that this was in payment of sums borrowed from Cleveland, and not a return of part of his capital. This is more consistent with Jones’ admissions made to witnesses, and the-facts in proof.
These two exceptions will therefore be sustained, and the balance of the report confirmed and final decree rendered. The entire costs of the court below were properly charged to complainants, as there were-no grounds for filing the bill. The costs of this, court will be paid by Jones.